UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE MOLINA,                              Case No. : _____
        Plaintiff,

                                              6:11-cv-232-Orl-19GJK

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
a Delaware limited liability corporation,

and

JOHN AND JANE DOES  I - V,
        Defendant(s)                                          /
_____/

## COMPLAINT
### (Jury Trial Demanded)

## I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer, JEANETTE

MOLINA  (hereinafter referred to as "JEANETTE MOLINA" or  "Plaintiff"),  for Defendants'

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter

"FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices.  Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC  (hereinafter referred to

as "PRA")  violations of the FDCPA arise  from PRA's attempt to collect an account that

JEANETTE MOLINA  had discharged in bankruptcy by : (1)  sending her  a dunning letter

entitled "Summer Savings!"; (2) leaving two telephone messages approximately one month

apart  with JEANETTE MOLINA's coworkers which violated :   (A)   § 1692e(11) because

Defendants failed to disclose that it is a debt collector; and/or  (B)   § 1692d(6) because

1

Defendants failed to meaningfully disclose its identity.      Plaintiff seeks an award of statutory damages (in the total amount of $ 1,000.00)  and reasonable attorney's fees and costs jointly and severally against each of the Defendants.

2.   The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## II.   JURISDICTION AND VENUE

3.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1692k because the conduct complained of occurred in Orange County, Florida, Plaintiff resides in this District, and the Defendant transacts business here.

## III. PARTIES

5.   Plaintiff, JEANETTE MOLINA,   (hereinafter, referred to as "JEANETTE MOLINA" or  "Plaintiff"), is a natural person residing in Orange County, Florida, at all times material hereto.

6.   Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC,  (hereinafter, referred to as "PRA" or "Defendant") is a limited liability corporation organized and existing under the laws of the State of Delaware whose  whose  principal place of business is 120 Corporate Boulevard in Norfolk, Virginia (23502).

7.   Defendant, PRA's registered agent in the State of Virginia  is Judith Scott

2

whose address is 120 Corporate Boulevard, in Norfolk, Virginia (23218).

8.   At all material times herein, the Defendant PRA engaged in its usual and customary business within Florida including Orange County, Florida.

9.   Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant PRA but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants JOHN and JANE DOE I, DOE II, and DOE III. Plaintiff also sues the debt collectors who left messages with Plaintiff's co-workers using the aliases "Geoffrey" and "Jerry" as JOHN and JANE DOES IV and V, respectively. (Defendants PRA and JOHN and JANE DOES I - V are hereinafter collectively referred to as the "Defendants").

10.   All acts of the individual defendants described below were with the authority and knowledge of PRA and were within the scope of the employment and agency of the individual defendants.

11.   Defendants PRA and JOHN and JANE DOES I - V are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

12.   Defendants JOHN and JANE DOES I - V created, approved, directed, supervised, and/or participated in Defendant PRA's collection practice of leaving telephone messages which fail to inform the consumer (a) of identity of Defendant PRA and (b) that the purpose of the call was to collect a debt or that the call was from a debt collector.   Defendants

3

JOHN and JANE DOES I - III created, approved, directed, supervised, and/or participated in Defendant PRA's collection practice of continuing to collect discharged accounts after bankruptcy courts had discharged such accounts.

13.    Defendant JOHN DOE IV is an employee of Defendant PRA who used the name "Geoffrey" (or "Goffrey")   when leaving a message for JEANETTE MOLINA with her co-worker.

14.    Defendant John or  Jane DOE V  is an employee of Defendant PRA who used the name "Jerry"  when leaving a message for JEANETTE MOLINA with her co-worker..

15.  Defendant PRA  uses the instrumentalities of interstate commerce or the mail in its business.

16.  Defendant PRA uses telephone communications in its business.

17.  Defendant PRA uses the mail in its business.

18.  The principal purpose of Defendant PRA's business is the collection of debts.

19.  Defendant PRA  regularly collects or attempts to collect debts asserted to be owed or due to another.

20.  Defendant PRA is a debt collector subject to the provisions of the Federal Fair Debt Collections Practices Act.

21.   All acts of the individual defendants described below were with the authority and knowledge of PRA  and were within the scope of the employment and agency of the individual defendants.

22.   At all times material hereto, JEANETTE MOLINA. was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3).

4

23.   At all times material hereto, CITIFINANCIAL INC.  was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

24.   At all times material hereto, the Account between CITIFINANCIAL INC. and JEANETTE MOLINA  was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

## IV.  FACTS

25.   On April 18, 2008, JEANETTE MOLINA filed a voluntary, joint  Chapter 13 bankruptcy petition  in the Orlando  Division of the United States Bankruptcy Court.  (Case No. 6:08-bk-03050-ABB).

26.   Plaintiff and her husband listed the Account in their schedules.

27.   On or about July 17, 2008, Resurgent Capital Services filed a Proof of Claim concerning the Account on behalf of its affiliate, "LVNV Funding, LLC its successors and assigns as assignee of CitiFinancial Inc." (Claim No. 14-1).

28.   On or about January 2, 2009, PRA Receivables Management, LLC, filed a Notice of Transfer/Assignment of Claim concerning the Account on behalf of the transferee, PRA. (BK Dckt. 24).

29.   On June 9, 2009, JEANETTE MOLINA filed a Notice of Conversion of Case to Chapter 7.

30.   On October 2, 2009,   the Bankruptcy Court entered an order entitled "Discharge of Debtor" (hereinafter referred to as the "Discharge Order").  (BK Dckt. 64).  (A *redacted* copy of the Discharge Order along with the Certificate of Mailing by the Bankruptcy Noticing Center is

attached as Exhibit "A".)

31.    No person, including but not limited to Citifinancial, Resugent, or PRA, filed an adversary action seeking to determine dishargeability of the Account.    Citifinancial, Resurgent, and  PRA did not file a reaffirmation agreement with the bankruptcy court.   The Account was discharged in Plaintiff's bankruptcy.

32.    On a date not known to Plaintiff but known to Defendant PRA, PRA began sending JEANETTE MOLINA form collection letters.

33.    On or about July 28, 2010, Defendant PRA  mailed JEANETTE MOLINA  a form entitled "Summer Savings!"   which stated that the "balance" was $ 14,261.83  and  stated, in pertinent part, that  :

> "Interest continues to accrue on this account and will accrue until the account is satisfied, unless interest has been suspended."
>
> ***
>
> "This letter is from a debt collector and is an attempt to collect a debt."

(Emphasis supplied).   (A *redacted* copy of the letter dated July 28, 2010,  from PRA  to Plaintiff is attached as Exhibit "B".)

34.    Defendant PRA  thereby violated 15 U.S.C. §§ 1692e and 1692e(2)(A) by demanding that JEANETTE MOLINA pay the discharged Account.   Randolph v. IMBS, Inc., 368 F.3d 726, 728 - 730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

35.    All of Defendant PRA's  collection actions at issue in this matter occurred within one year of the date of this Complaint.

6

36.    The statements made by Defendant PRA are to be interpreted under the "least sophisticated consumer" standard.  Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

## COUNT I
## ATTEMPTING TO COLLECT A DISCHARGED ACCOUNT
## FAIR DEBT COLLECTIONS PRACTICES ACT

37.  Plaintiff JEANETTE MOLINA   repeats and re-alleges and incorporates by reference paragraphs 1 through 36 above.

38.   Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt.  See 15 U.S.C. § 1692(e) and § 1692(e)(2)(A).

39.    Attempting to collect a debt that is not owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA.  Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

40.   Defendant PRA  written  statements to JEANETTE MOLINA  violated the FDCPA's prohibition against using any false, misleading or deceptive statements in the collection of a consumer debt, in violation of 15 U.S.C. § 1692e and § 1692e(2).

41.    Defendant PRA's statements to JEANETTE MOLINA violated the FDCPA, 15 U.S.C. § 1692e prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

7

42.     Defendant  PRA's  statements to JEANETTE MOLINA  violated the FDCPA, 15 U.S.C. § 1692e(2)(A)  prohibiting debt collectors from falsely representing the character, amount, or legal status of any debt.

43.     Defendant PRA's statements to JEANETTE MOLINA  violated the FDCPA, 15 U.S.C. § 1692e(10) prohibiting debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44.     As a result of the above violations of the FDCPA, the Defendants are jointly and severally liable to the Plaintiff JEANETTE MOLINA  for (1) statutory damages (in the amount of $ 1,000); and (2) costs and reasonable attorney's fees (pursuant to 15 U.S.C. § 1692k).

**WHEREFORE**, Plaintiff JEANETTE MOLINA  respectfully prays that judgment be entered  against the Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC  and DOES I through III, jointly and severally,  for the following:

A.   Statutory damages (in the amount of $ 1,000.00) pursuant to 15 U.S.C. § 1692k;

B.   Costs and reasonable attorney's fees pursuant to 15  U.S.C. § 1692k; and

C.  For such other and further relief as may be just and proper.

## ADDITIONAL FACTS

45.     Defendants PRA and JOHN  DOE IV called JEANETTE MOLINA's place of employment on or about July 26, 2010, and left a message for JEANETTE MOLINA to call "Geoffrey" (or "Goffrey") at 866-428-6589 by leaving this message with JEANETTE MOLINA's co-worker.   Plaintiff dutifully returned the telephone call and informed Defendant

PRA that she had discharged the account in her bankruptcy.

46.    Defendants PRA and JOHN  DOE V called JEANETTE MOLINA's place of employment on or about August, 2010, and left a message with JEANETTE MOLINA's co-workers for Plaintiff to call "Jerry" at 866-428-6589.    (The messages described above (in Paragraphs Number 43  and 44)  along with any other telephone messages that Defendants left on other occasions within the 365 day period immediately preceding the date this Complaint was filed are hereinafter referred to as the "telephone messages".)    Plaintiff dutifully returned Defendants' telephone call and reminded Defendants that she had discharged the Account in her bankruptcy.

47.    Defendants' telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2).   See *Berg v. Merchs. Ass'n Colection Div.*, 586 F.Supp.2d 1336 (S.D. Fla. 2008).

48.    In their telephone messages to Plaintiff,  Defendants failed to state that the call was from a debt collector and/or meaningfully disclose the identity of Defendant PRA.

49.    All telephone messages were left on behalf of Defendant PRA and were made within the scope of the employment and agency of Defendants JOHN and JANE DOES I - V.

50.    All of Defendant PRA's  collection actions at issue in this matter occurred within one year of the date of this Complaint.

51.    The statements made by Defendant PRA and JOHN and JANE DOES I - V  are to be interpreted under the "least sophisticated consumer" standard.  Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

52.    JEANETTE MOLINA has  retained the undersigned law office to represent their interest herein and is obligated to pay said law office a reasonable fee for its services.

## IV.  COUNT II
## JEANETTE MOLINA v. PRA and JOHN and JANE  DOES I - V
### (Fair Debt Collections Practices Act)

53.  Plaintiff JEANETTE MOLINA repeats and re-alleges and incorporates by reference paragraphs  1 - 24,   35 - 36   and    45 - 52  above.

54.   Defendants failed to meaningfully disclose in the telephone messages the identity of Defendant PRA in violation of 15 U.S.C. § 1692d(6).   Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp.2d 1346, 1351-52 (N.D.Ga. 2008) *aff'd on onther grounds*, 584 F.3d 1350 (11th Cir. 2009).

55.   Defendants failed to disclose in the telephone messages that the call was from a debt collector in violation of 15 U.S.C. § 1692e(11).   Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp.2d 1346, 1351-52 (N.D.Ga. 2008) *aff'd on onther grounds*, 584 F.3d 1350 (11th Cir. 2009); Drossin v. National Action Financial Services, Inc., 641 F.Sup.2d 1314, 1319-20 (S.D. Fla. 2009); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); and  *Foti v. NCO Fin. Sys*., 424 F.Supp.2d 643, 646 (D.N.Y. 2006).

WHEREFORE, Plaintiff JEANETTE MOLINA requests that the Court enter judgment in favor of Plaintiff JEANETTE MOLINA  and against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN and JANE DOES I - V  for :

A.   Statutory damages pursuant to 15 U.S.C. § 1692k;

B.   Costs and reasonable attorney's fees pursuant to 15  U.S.C. § 1692k;

C.   Such other or further relief as the Court deems proper.

10

# DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

DATED this _____ day of FEBRUARY, 2011.

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post   Office   Box   1948
Orlando,   FL   32802-1948
Voice :        (407) 648-9050
Facsimile :    N/A
E.C.F.(Only) : depecf@cfl.rr.com
Email :        Petersen221@yahoo.com
F.B.N.         0776238
Lead Trial Counsel (to be noticed) for the Plaintiff,
JEANETTE MOLINA

JAMES T. HARPER
Law Office of James T. Harper, P.A.
319 Riveredge Boulevard; Suite 104
Cocoa, FL 32922
Voice :     (321) 305-5950
Facsmile : (888) 403-9196
E.C.F. :    Bankruptcytram@aol.com
F.B.N.      0143103
Lead Trial Counsel (also to be noticed) for the Plaintiff,
JEANETTE MOLINA

11

## EXHIBIT LIST

Exhibit "A"      Discharge of Debtor (with BNC Certificate of
                 Service) : <u>In Re Molina</u> (redacted)


Exhibit "B"      Letter(dated July 28, 2010) from Defendant PRA to
                 JEANETTE MOLINA (redacted)